MOORE v. TRIMMIER.

1. CASES CRITICISED.—The decision of this court in the case of Moore *v.* Trimmier, 32 S. C., 511, declared and affirmed.
2. INVERSE ORDER OF SALES—ESTOPPEL.—Plaintiff cannot claim damages for the release of the lien of a judgment upon land which had been declared by this court to be bound by this lien, plaintiff's land being also bound, under an order of this court permitting such issue to be raised by him, where, subsequent to such permissive order, the plaintiff consented to a decree of the Circuit Court, declaring that such other's land had been released by the judgment creditor before appeal taken, but that this decree was not to affect or disturb the rights of any of the other parties to this action, as heretofore determined.
3. IBID.—Suggestions as to the equity of successive purchasers and mortgagees to have a prior judgment enforced in the inverse order of sales and encumbrances, where there were partial agreements between some of the parties and indemnity taken by one of them.

Before IZLAR, J., Spartanburg, November, 1892.

This was an action by Baxter H. Moore against Margaret L. Trimmier, as administratrix, and others. For a full history of the case, see 32 S. C., 511 and 527, and 35 S. C., 606.

*Mr. R. K. Carson*, for appellant.

*Messrs. Bomar & Simpson*, contra.

November 13, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. This is the second appeal in this case, and for a detailed statement of the facts of the case as originally presented, reference must be had to 32 S. C., 511, where the same are fully set forth. It is sufficient to say, that one of the main questions presented by the former appeal was as to the order in which the lands of John Winsmith, the judgment debtor, which were covered by various mortgages, and some of which had been sold by such debtor to different persons at different times, should be subjected to the payment of the Trimmier judgment, which was confessedly the oldest lien

on all of the lands. The court having determined the order in which the several tracts of land should be subjected to the payment of the Trimmier judgment, making the equity of redemption, which still remained in the judgment debtor, in the Tom Wofford tract at the time of the sales to Mills and Hunter, first liable before resorting to the two tracts last mentioned; but not thinking it just that the amount thereof should be tested by the sale of the Tom Wofford tract, subsequently made under the judgment of foreclosure of the Floyd mortgage, which covered both the Tom Wofford tract and the Nimrod Moore tract, for the reasons stated in the former opinion, directed that the amount or value of such equity of redemption should be ascertained by testimony. And the same inquiry was directed as to the value of the equity of redemption in the seven-acre tract and in the twenty-acre tract.

When the case was remanded to the Circuit Court for the purpose of making the inquiries as directed, by consent of all parties defendants, an order was passed by that court on the 2d of August, 1892, directing that it be referred to the master, "to take testimony and decide all issues now existing, or that can be properly and legally raised between the parties to this action, or any of them, and that he make his report thereon to this court, with leave to any party to this action to file exceptions to said report." In pursuance of this order the master took the testimony which is set out in the "Case" and made his report, likewise set out, to which exceptions were filed by the plaintiff as well as by the defendant, Trimmier. The case was heard by his honor, Judge Izlar, upon this report and the exceptions, who rendered judgment overruling all the exceptions but one, and confirming the report as modified by this exception, which will be hereinafter explained. From this judgment plaintiff appeals upon the several grounds set out in the record, but which we do not deem it necessary to set out in detail.

Before going into any discussion of the questions raised by the appeal, it may be well to state certain other facts appearing in the case, and in the report of the former appeal. The opinion in the former appeal was filed on the 17th of April, 1890, and in due time two petitions for a rehearing were filed, one

by the plaintiff, a copy of which is set out in the "Case" prepared for the argument of this appeal, and the other by C. Eber Smith, one of the defendants. On the 2d May, 1890, the petition of the plaintiff was dismissed, and on the same day this court made a special order, the terms of which may be seen by reference to 32 S. C., at pages 527–8, and which should be carefully examined for a proper understanding of the present appeal, whereby the petition was dismissed without prejudice to the right of the petitioner to make such application, as he may be advised, to the Circuit Court for relief. It will be observed that in granting this order this court was unusually careful to avoid committing itself upon the question whether the petitioner, Smith, could then obtain the relief sought, but left that question entirely open to be first decided by the Circuit Court, with the right of either party to appeal from such decision.

In pursuance of this order, application was made to the Circuit Court, and an order was granted on the 13th of February, 1892, by consent of all parties to this action, in which, after reciting that prior to the commencement of this action, the judgment creditor, Trimmier, had released the Nimrod Moore tract, owned by C. Eber Smith, from the lien of his judgment, and that the fact of such release having been executed was not brought to the attention of the court at the former hearing, discharged the Nimrod Moore tract from the lien of the Trimmier judgment. This order, however, contains these words: "It is further ordered and adjudged, *that this order and judgment is not to affect and disturb the rights of any of the other parties to this action, as heretofore fixed, or determined, or fixed by the judgment of the Supreme Court;*" which are italicized by us as having, in our judgment, an important bearing upon the questions presented by the present appeal. It furthermore appears that a short time before the granting of the order of the Circuit Court just mentioned, an order was obtained from this court on the 25th of January, 1892, allowing the respondent, the present appellant, on the reference heretofore ordered by this court, "to raise the issue of damage to him resulting from the release of C. E.|Smith's land from the lien of said judgment, and to

set up the equity of credit of the value of Smith's land on said judgment before enforcing it against that of respondent." 35 S. C., 606. But this court was again careful to avoid committing itself upon the question thus permitted to be raised.

From this recital of the leading circumstances of this somewhat complicated case, supplemented by the facts stated in the former decision above referred to, it seems to us clear,

1 that the master took the proper view of his functions in the case, and that all he had authority to do under the former decision was to ascertain the true value of the equity of redemption in the Tom Wofford tract, and in the seven-acre and twenty-acre tracts, in the manner prescribed by the former decision, and that his only error, which was rectified by the Circuit Judge, was in not finding that Trimmier could enforce his judgment to the extent of seven hundred and twenty-three 50–100 dollars against the Tom Wofford tract, that being the value of the equity of redemption in that tract, as found by the master and confirmed by the Circuit Judge. That result followed necessarily from the former decision, by which it was adjudged that the equity of redemption in the Tom Wofford tract, whatever it might be, should be subjected to the judgment before resorting either to the Mills or Hunter land.

It does not seem to us that the order of this court permitting the present appellant to raise the issue of damage resulting to him from the release of the lien of the Trimmier judg-
2 ment on Smith's Nimrod Moore tract, can now avail the appellant; for the reason, if there were no other, that after such order was granted, the order of the Circuit Court, consented to by all the parties, as is therein recited and not contradicted by anything that we can find in the "Case," was granted upon the express condition that such order was not to affect or disturb the rights of any of the other parties to this action as heretofore determined, as appears by the words hereinbefore italicized, extracted from said order. There was, therefore, no release of the lien on the Nimrod Moore tract, except upon that condition; and as appellant's claim rests solely upon such release, it cannot be sustained except upon the observance of the condition upon which such release was granted, to

wit, that the rights of none of the parties should be affected thereby.

Indeed, as it seems to us, all of appellant's exceptions, unless it be those designed to raise questions of fact, which are concluded by the concurring judgment of the master and the referee, really raise questions which have already been adjudicated by the former decision in this very case. Now, while this court is quite ready to concede its liability to err, yet being the tribunal appointed by law for the final adjudication of the legal rights of litigants, when, after due and careful deliberation, it reaches a final judgment unanimously, such judgment should and must be respected as final. In this particular case, this court, after careful and anxious consideration, reached its conclusion and announced its judgment, and then, upon a petition for a rehearing, after a careful review of the case, found no reason to change its conclusion. *Interest reipublicæ ut sit finis litium.*

But we cannot forbear to add, that we are not yet convinced that there was any error in the former decision under the facts then presented, which alone we had any authority to consider. Indeed, if there was any error in the former decision, it was due to the failure of the parties to bring before the court certain facts having an important bearing on the questions presented for decision; notably the failure to bring before the court the fact that the lien of the Trimmier judgment upon the Nimrod Moore tract had been released before the commencement of this action. So, too, the court did not know, and had no means of ascertaining from the record upon which this case was originally heard (to which alone resort could properly be had), that the judgment for the foreclosure of the Floyd mortgage contained a provision that the Tom Wofford tract should first be exhausted before resorting to the Nimrod Moore tract; and even if that fact had appeared, it is more than questionable whether such a provision could affect the rights of Trimmier, who was not a party to that action for foreclosure. We are not, by any means, prepared to admit that the fact that C. E. Smith bought, for full value as it now appears, the Nimrod Moore tract before the judgment of

foreclosure of the Floyd mortgage was rendered, would have the effect now claimed for it by appellant, in view of the further fact that at the time of such purchase, Smith took from the mortgagor a mortgage of another tract, the value of which has never yet been ascertained by any evidence brought before us, for the purpose of indemnifying himself from any loss which he might sustain by reason of the mortgage covering the Nimrod Moore tract. In the absence of any evidence showing the insufficiency of the indemnity thus demanded and obtained when he bought the Nimrod Moore tract, the natural inference would be that it was sufficient; and if so, then it might be very difficult to establish Smith's equity to throw the whole mortgage debt upon the Tom Wofford tract, especially when that would result in detriment to others.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.